**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IGI HOLDING CORPORATION,<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL W. ROUGHTON,<br><br>Defendant. | Civil Action No.: 09-CIV-8453 (SAS/FM) |
| MICHAEL W. ROUGHTON,<br><br>Counterclaimant,<br><br>-against-<br><br>POUSCHINE COOK CAPITAL MANAGEMENT, LLC, POUSCHINE COOK CAPITAL PARTNERS II, LP, IGI HOLDING CORP., INTERNATIONAL GRAPHICS, INC., JOHN L. POUSCHINE, DANIEL B. BALZORA, ALLEN COHEN, KEVIN MORAN AND STEPHEN LOVASS,<br><br>Counterclaim Defendants. | **COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIM** |

Plaintiff and Counterclaim Defendant IGI Holding Corporation ("IGI") and additional Counterclaim Defendants Pouschine Cook Capital Management, LLC ("Pouschine Cook"), Pouschine Cook Capital Partners II, LP ("Pouschine Partners"), International Graphics, Inc. ("International"), John L. Pouschine ("Pouschine"), Daniel V. Balzora ("Balzora"), Allan Cohen ("Cohen"), Kevin Moran ("Moran"), and Stephen Lovass ("Lovass") (collectively with IGI, the "Counterclaim Defendants") by their attorneys, Schulte Roth & Zabel LLP, submit their answer to the Amended Counterclaim filed by defendant and counterclaimant Michael W. Roughton ("Roughton") on November 13, 2009.

**ANSWER**

In response to the specific allegations in the Amended Counterclaim, Counterclaim Defendants state and allege as follows:

**FIRST COUNT**

1. Counterclaim Defendants admit that Roughton was president and chief executive officer of International by the fall of 2007, but state that they lack knowledge or information sufficient to form a belief as to when Roughton became president of International or received the title of chief executive officer.

2. Counterclaim Defendants admit the allegations in paragraph 2.

3. Counterclaim Defendants deny the allegations in paragraph 3, except admit that Pouschine Cook sent a letter on October 3, 2007 regarding the acquisition of 100% of the shares of International, admit that the closing took place on December 10, 2007, and state that Pouschine Cook and Pouschine believed that synergies would result from collaboration with International's management team.

4. Counterclaim Defendants deny the allegations in paragraph 4, except admit that Pouschine Cook required Roughton and other members of International's management team to purchase IGI stock as part of the acquisition of International, admit that the requirement was intended to align management's interest with those of other investors, and state that Pouschine Cook created incentives intended to encourage the growth of International and that Roughton was so informed.

5. Counterclaim Defendants deny the allegations in paragraph 5, except admit that Pouschine and Pouschine Cook advised that Roughton and other members of the management team would each be provided with a promissory note to facilitate their investments in IGI stock, state that a promissory note was provided to Roughton and that promissory notes

were provided to other members of senior management, and further state that Pouschine Cook and Pouschine believed that synergies would result from collaboration with International's management team and sought to collaborate with them.

6. Counterclaim Defendants deny the allegations in paragraph 6, except admit that a meeting was held amongst Pouschine, Roughton, and others on or about November 14, 2007.

7. Counterclaim Defendants deny the allegations in paragraph 7, except admit that the purchase price was $100.00 per share.

8. Counterclaim Defendants deny the allegations in paragraph 8.

9. Counterclaim Defendants deny the allegations in paragraph 9.

10. Counterclaim Defendants deny the allegations in paragraph 10.

11. Counterclaim Defendants state that paragraph 11 states a legal conclusion to which no response is required and deny the allegations in paragraph 11, except admit that Roughton and his agents communicated with Counterclaim Defendants and their agents in New York and New Jersey, in person, by telephone, and by other electronic means.

12. Counterclaim Defendants deny the allegations in paragraph 12, except state that Roughton signed the IGI Holding Corp. Stockholders Agreement ("Stockholders Agreement"), the IGI Holding Corp. Subscription Agreement ("Subscription Agreement"), and the IGI Holding Corp. Rollover Subscription Agreement ("Rollover Subscription Agreement"), and pursuant thereto purchased 10,100 shares of IGI.

13. Counterclaim Defendants state that the first sentence of paragraph 13 is a legal conclusion to which no response is required, deny the allegations in paragraph 13, except admit that Roughton signed a Stockholders Agreement on or about December 10, 2007, admit

that Roughton borrowed six hundred fifty thousand dollars ($650,000.00) from IGI under the Promissory Note, admit that Roughton purchased 10,100 shares of IGI for one million ten thousand dollars ($1,010,000.00) pursuant to a Subscription Agreement and a Rollover Subscription Agreement, each dated December 10, 2007, and state that Roughton funded a portion his stock purchase by rolling over his shares of International into shares of IGI. Counterclaim Defendants respectfully refer the Court to the Stockholders Agreement, the Subscription Agreement, the Rollover Subscription Agreement and the Promissory Note for a full statement of their terms.

14. Counterclaim Defendants deny the allegations in paragraph 14, except admit the allegations in the first sentence of paragraph 14.

15. Counterclaim Defendants state that paragraph 15 states a legal conclusion to which no response is required, deny the allegations in paragraph 15, and respectfully refer the Court to the Stockholders Agreement for a full statement of its terms.

16. Counterclaim Defendants deny the allegations in paragraph 16.

17. Counterclaim Defendants deny the allegations in paragraph 17.

18. Counterclaim Defendants deny the allegations in paragraph 18, except admit that IGI seeks repayment of the six hundred fifty thousand dollar ($650,000.00) principal amount under the Promissory Note and state that IGI further seeks repayment of all other amounts due thereunder, including interest at the Default Rate, and its costs and expenses, inclusive of reasonable attorneys' fees.

19. Counterclaim Defendants state that paragraph 19 states a legal conclusion to which no response is required and deny the allegations in paragraph 19.

20. Counterclaim Defendants state that paragraph 20 states a legal conclusion to which no response is required and deny the allegations in paragraph 20.

**SECOND COUNT**

21. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 20 above as if fully set forth herein.

22. Counterclaim Defendants state that paragraph 22 states a legal conclusion to which no response is required, deny the allegations in paragraph 22, and respectfully refer the Court to the Stockholders Agreement for a full statement of its terms.

23. Counterclaim Defendants state that paragraph 23 states a legal conclusion to which no response is required, deny the allegations in paragraph 23, and respectfully refer the Court to the Stockholders Agreement for a full statement of its terms.

24. Counterclaim Defendants admit the allegations in paragraph 24, and respectfully refer the Court to the Stockholders Agreement for a full statement of its terms.

25. Counterclaim Defendants state that Roughton was removed on June 29, 2009, and deny that he was a part of the board of directors from June 30, 2009, onward. Counterclaim Defendants admit that Pouschine, Balzora, Cohen, Moran, and Lovass were, and remain, members of the board of directors of IGI. Counterclaim Defendants admit that Pouschine, Balzora, Cohen, Moran, Lovass, and Roughton comprised the board of directors of IGI until Roughton's removal. Counterclaim Defendants deny the remaining allegations in paragraph 25.

26. Counterclaim Defendants deny the allegations in paragraph 26.

27. Counterclaim Defendants deny the allegations in paragraph 27.

28. Counterclaim Defendants deny the allegations in paragraph 28, and state that IGI's Board of Directors determined the Fair Market Value of Roughton's stock on October

4, 2009, prior to sending the October 5, 2009 call notice concerning IGI's exercise of its Call Right under the Stockholders Agreement.

29. Counterclaim Defendants state that paragraph 29 states a legal conclusion to which no response is required and deny the allegations in paragraph 29.

30. Counterclaim Defendants state that paragraph 30 states a legal conclusion to which no response is required and deny the allegations in paragraph 30.

31. Counterclaim Defendants deny the allegations in paragraph 31.

32. Counterclaim Defendants state that paragraph 32 states a legal conclusion to which no response is required and deny the allegations in paragraph 32.

**THIRD COUNT**

33. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 32 above as if fully set forth herein.

34. Counterclaim Defendants deny the allegations in paragraph 34.

35. Counterclaim Defendants state that paragraph 35 states a legal conclusion to which no response is required and deny the allegations in paragraph 35.

**FOURTH COUNT**

36. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 35 above as if fully set forth herein.

37. Counterclaim Defendants state that paragraph 37 states a legal conclusion to which no response is required and deny the allegations in paragraph 37.

38. Counterclaim Defendants state that paragraph 38 states a legal conclusion to which no response is required and deny the allegations in paragraph 38.

## FIFTH COUNT

39. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 38 above as if fully set forth herein.

40. Counterclaim Defendants state that paragraph 40 states a legal conclusion to which no response is required and deny the allegations in paragraph 40.

41. Counterclaim Defendants state that paragraph 41 states a legal conclusion to which no response is required and deny the allegations in paragraph 41.

42. Counterclaim Defendants state that paragraph 42 states a legal conclusion to which no response is required and deny the allegations in paragraph 42.

## SIXTH COUNT

43. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 42 above as if fully set forth herein.

44. Counterclaim Defendants state that paragraph 44 states a legal conclusion to which no response is required and deny the allegations in paragraph 44.

## SEVENTH COUNT

45. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 44 above as is fully set forth herein.

46. Counterclaim Defendants state that paragraph 46 states a legal conclusion to which no response is required, deny the allegations in paragraph 46, and respectfully refer the Court to the Employment Agreement for a full statement of its terms.

47. Counterclaim Defendants state that paragraph 47 states a legal conclusion to which no response is required, deny the allegations in paragraph 47, except admit that Roughton has not received severance benefits, and respectfully refer the Court to the Employment Agreement for a full statement of its terms.

48. Counterclaim Defendants state that paragraph 48 states a legal conclusion to which no response is required and deny the allegations in paragraph 48.

49. Counterclaim Defendants state that paragraph 49 states a legal conclusion to which no response is required and deny the allegations in paragraph 49.

50. Counterclaim Defendants state that paragraph 50 states a legal conclusion to which no response is required and deny the allegations in paragraph 50.

**EIGHTH COUNT**

51. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 50 above as if fully set forth herein.

52. Counterclaim Defendants state that paragraph 51 states a legal conclusion to which no response is required and deny the allegations in paragraph 52.

53. Counterclaim Defendants state that paragraph 53 states a legal conclusion to which no response is required and deny the allegations in paragraph 53.

**NINTH COUNT**

54. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 53 as if fully set forth herein.

55. Counterclaim Defendants state that paragraph 55 states a legal conclusion to which no response is required and deny the allegations in paragraph 55.

56. Counterclaim Defendants state that paragraph 56 states a legal conclusion to which no response is required and deny the allegations in paragraph 56.

**<u>TENTH COUNT</u>**

57. Counterclaim Defendants reallege and reincorporate by reference their answers to paragraphs 1 through 56 above as if fully set forth herein.

58. Counterclaim Defendants state that paragraph 58 states a legal conclusion to which no response is required and deny the allegations in paragraph 58.

**<u>AS AND FOR THE FIRST AFFIRMATIVE DEFENSE</u>**
**(Failure to State a Claim)**

59. The Amended Counterclaim, and each cause of action therein, fails to state a claim upon which relief can be granted and therefore should be dismissed.

**<u>AS AND FOR THE SECOND AFFIRMATIVE DEFENSE</u>**
**(Waiver)**

60. One or more of Roughton's claims are barred by the doctrine of waiver.

**<u>AS AND FOR THE THIRD AFFIRMATIVE DEFENSE</u>**
**(Failure to Satisfy Condition Precedent)**

61. One or more of Roughton's claims are barred because he failed to satisfy a condition precedent to receiving separation benefits, pursuant to Section I(e) of his Employment Agreement, as he has not executed a general release agreement.

**<u>AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE</u>**
**(Unjust Enrichment)**

62. One or more of Roughton's claims are barred by the doctrine of unjust enrichment.

**<u>AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE</u>**
**(Mitigation of Damages)**

63. Roughton has failed to mitigate his damages, if any.

**AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE**
**(Intervening Causes)**

64. One or more of Roughton's claims are barred because one or more intervening causes proximately caused his alleged losses.

**AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE**
**(Business Judgment Rule)**

65. At all relevant times, the Counterclaim Defendants acted in accordance with their business judgment and, as such, one or more of Roughton's claims are barred by the business judgment rule.

Dated: New York, New York
December 3, 2009

SCHULTE ROTH & ZABEL LLP

By: /s/ Howard O. Godnick
Howard O. Godnick
Christopher H. Giampapa

919 Third Avenue
New York, New York 10022
(212) 756-2000
howard.godnick@srz.com
christopher.giampapa@srz.com

*Attorneys for Plaintiff and Counterclaim Defendants*